Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MARIO MENDEZ, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

SLD DELI GRILL INC. (d/b/a GRACIE'S CAFE), LAMBROS KREATSOULAS, STEVEN KREATSOULAS, and MICHAEL KREATSOULAS,

                *Defendants.*

-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Mario Mendez, individually and on behalf of others similarly situated ("Plaintiff Mendez"), by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of SLD Deli Grill Inc. (d/b/a/ Gracie's Cafe) ("Defendant Corporation"), Lambros Kreatsoulas, Steven Kreatsoulas, and Michael Kreatsoulas (collectively, "Defendants"), alleges upon information and belief as follows:

<u>**NATURE OF ACTION**</u>

    1.    Plaintiff was an employee of Defendants SLD Deli Grill Inc. (d/b/a/ Gracie's Cafe), Lambros Kreatsoulas, Steven Kreatsoulas, and Michael Kreatsoulas who own and operate Gracie's Cafe.

1

2. Gracie's Cafe is a Restaurant owned by Lambros Kreatsoulas, Steven Kreatsoulas, and Michael Kreatsoulas, located at 1530 York Avenue, New York, NY 10028.

3. Upon information and belief, Defendants Lambros Kreatsoulas, Steven Kreatsoulas, and Michael Kreatsoulas serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Mendez was an employee of Defendants.

5. Plaintiff Mendez worked long days as a cook at the restaurant located at 1530 York Avenue, New York, NY 10028.

6. Plaintiff Mendez regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Mendez appropriately for any hours worked over 40.

8. Further, Defendants failed to pay Plaintiff Mendez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Mendez to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Mendez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12. Plaintiff Mendez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Mendez's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Mendez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

3

15. Plaintiff Mario Mendez ("Plaintiff Mendez" or "Mr. Mendez") is an adult individual residing in Bergen County, New Jersey.

16. Plaintiff Mendez was employed by Defendants from approximately 2004 until on or about May 2013 and from approximately November 2013 until on or about April 2016.

17. At all relevant times to this complaint, Plaintiff Mendez was employed by Defendants as a cook at Gracie's Cafe, located at 1530 York Avenue, New York, New York 10028.

18. Plaintiff Mendez consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. Defendants own, operate and/or control a Diner located at 1530 York Avenue, New York, New York 10028 under the name of Gracie's Cafe, at all times relevant to this complaint.

20. Upon information and belief, Defendant SLD Deli Grill Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1530 York Avenue, New York, New York, NY, 10028.

21. Defendant Lambros Kreatsoulas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Lambros Kreatsoulas is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23. Defendant Lambros Kreatsoulas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24. Defendant Lambros Kreatsoulas determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Steven Kreatsoulas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26. Defendant Steven Kreatsoulas is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27. Defendant Steven Kreatsoulas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28. Defendant Steven Kreatsoulas determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

29. Defendant Michael Kreatsoulas is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

30. Defendant Michael Kreatsoulas is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

31. Defendant Michael Kreatsoulas possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

32. Defendant Michael Kreatsoulas determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

33. Defendants operate a diner located at 1530 York Avenue, New York, NY, 10028.

34. Individual Defendants Lambros Kreatsoulas, Steven Kreatsoulas, and Michael Kreatsoulas possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

35. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

36. Each Defendant possessed substantial control over Plaintiff Mendez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

37. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff Mendez's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

38. In the alternative, Defendants constitute a single employer of Plaintiff Mendez and/or similarly situated individuals.

39. Upon information and belief, individual Defendants Lambros Kreatsoulas, Steven Kreatsoulas, and Michael Kreatsoulas operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from their own selves, by, among other things:

   (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

   (b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   (c) transferring assets and debts freely as between all Defendants;

   (d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

   (e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

   (f) intermingling assets and debts of their own with Defendant Corporation;

   (g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

   (h) other actions evincing a failure to adhere to the corporate form.

40. At all relevant times, Defendants were Plaintiff Mendez's employers within the meaning of the FLSA and NYLL.

41. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Mendez's services.

42. In each year from 2010 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

43. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

44. Plaintiff Mendez is a former employee of Defendants, who was employed as a cook.

45. Plaintiff Mendez seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Mario Mendez*

46. Plaintiff Mendez was employed by Defendants from approximately 2004 until on or about May 2013 and from approximately November 2013 until on or about April 2016.

47. At all relevant times, Plaintiff Mendez was employed by Defendants to work as a cook as well as a dishwasher on Saturdays and Sundays.

48. Plaintiff Mendez regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a cook.

49. Plaintiff Mendez's work duties required neither discretion nor independent judgment.

50. Throughout his employment with Defendants, Plaintiff Mendez regularly worked in excess of 40 hours per week.

51. From approximately June 2010 until on or about May 2013, Plaintiff Mendez worked from approximately 12:00 p.m. until on or about 10:30 p.m. four days a week and from approximately 12:00 p.m. until on or about 10:00 p.m. two days a week (typically 62 hours per week).

52. From approximately November 2013 until on or about April 2016, Plaintiff Mendez worked from approximately 11:00 a.m. until on or about 10:30 p.m. on Tuesdays, from approximately 12:00 p.m. until on or about 10:30 p.m. Wednesdays, Thursdays and Fridays and from approximately 10:00 a.m. until on or about 10:00 p.m. on Saturdays and Sundays (typically 67 hours per week).

53. From approximately June 2010 until on or about May 2013, Plaintiff Mendez was paid his wages in cash.

54. From about November 2013 until on or about April 2016, Plaintiff Mendez was paid his wages in a combination of direct deposit and cash.

55. From approximately June 2010 until on or about May 2013, Plaintiff Mendez was paid a fixed salary of $500.00 per week.

56. From approximately November 2013 until on or about May 2014, Plaintiff Mendez was paid $12.50 per hour.

9

57. From approximately June 2014 until on or about April 2016, Plaintiff Mendez was paid $13.50 per hour for the first 60 hours and $15.00 per hour for the hours he worked over 60.

58. From approximately June 2010 until on or about May 2013, Plaintiff Mendez's wages did not vary regardless of how many additional hours he worked in a week.

59. For example, Defendants often required Plaintiff Mendez to work up to 30 minutes past his regular departure time at least four nights a week, without paying him any additional compensation.

60. Plaintiff Mendez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

61. Defendants did not provide Plaintiff Mendez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

62. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Mendez regarding wages as required under the FLSA and NYLL.

63. Defendants did not provide Plaintiff Mendez with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

64. Defendants did not give any notice to Plaintiff Mendez, in English and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

65. Defendants regularly required Plaintiff Mendez to work in excess of forty (40) hours per week without paying him the required overtime compensation.

66. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Mendez and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

67. Defendants' pay practices resulted in Plaintiff Mendez not receiving payment for all his hours worked, resulting in Plaintiff Mendez's effective rate of pay falling below the required minimum wage rate.

68. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

69. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Mendez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Mendez's relative lack of sophistication in wage and hour laws.

70. Defendants paid Plaintiff Mendez his wages in cash or in a combination of direct deposit and cash.

71. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Mendez (and similarly situated individuals) worked,

and to avoid paying Plaintiff Mendez properly for (1) his full hours worked, (2) for overtime due, and for (3) his Spread of Hours.

72. Defendants failed to provide Plaintiff Mendez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and in Spanish, the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

73. Plaintiff Mendez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Gracie's Cafe (the "FLSA Class").

74. At all relevant times, Plaintiff Mendez and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular

rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Mendez's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

75.     The claims of the Plaintiff stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

76.     Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

77.     Defendants, in violation of the FLSA, failed to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

78.     Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF
### THE NEW YORK STATE LABOR LAWS

80.     Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

82.     Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Mendez (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

84.     Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

85.     Defendants failed to pay Plaintiff Mendez (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Mendez's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*., and 650 *et seq*., and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

86.     Defendants' failure to pay Plaintiff Mendez (and the FLSA Class members) an additional hour's pay for each day Plaintiff Mendez's s (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

87. Plaintiff Mendez (and the FLSA Class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

88. Plaintiff Mendez repeats and re-alleges all paragraphs above as though fully set forth herein.

89. Defendants failed to provide Plaintiff Mendez with a written notice, in English and in Spanish (Plaintiff Mendez's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

90. Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

91. Plaintiff Mendez repeats and re-alleges all paragraphs above as though set forth fully herein.

92. Defendants did not provide Plaintiff Mendez with wage statements upon each payment of wages, as required by NYLL 195(3).

93. Defendants are liable to Plaintiff Mendez in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mendez respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Mendez and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Mendez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Mendez and the FLSA class members;

(e) Awarding Plaintiff Mendez and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Mendez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Mendez and the members of the FLSA Class;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Mendez and the members of the FLSA Class;

(i) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Mendez's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Mendez and the FLSA Class members;

(k) Awarding Plaintiff Mendez and the FLSA class members damages for the amount of unpaid overtime wages and spread of hours pay, under the NYLL as applicable;

(l) Awarding Plaintiff Mendez and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable;

(m) Awarding Plaintiff Mendez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Mendez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

    (p)    All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 13, 2016

                                  MICHAEL FAILLACE & ASSOCIATES, P.C.

                                  _____/s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
        60 East 42nd Street, Suite 2540
        New York, New York 10165
        (212) 317-1200
        *Attorneys for Plaintiff Mendez*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 2020  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 11, 2016

BY HAND

TO:  Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                  Mario Mendez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:              *[signature: Mario Mendez]*

Date / Fecha:                   11 de mayo de 2016